LAND, Justice.
 

 In her application for Writ of Habeas Corpus in this case, relator alleges substantially that, when she was nineteen years of age, Mark E. (Snookums) Brooks was killed in the Parish of Plaquemines on January 23, 1937, and that she was charged with his murder.
 

 That relator was arrested and incarcerated in the parish jail in the Parish of Plaquemines, where she remained until February 11, 1937, when the grand jury for the Parish of Plaquemines met and returned a true bill against her for murder, the whole as appears by certified copy of the indictment for murder under the docket No. 557, entitled “The State of Louisiana v. Leona Turner”; that she was brought immediately before the court and, being ignorant of the law, inexperienced, penniless and having no friends on whom to rely, and without advice of counsel, when called to plead to this indictment of murder, pled guilty to the indictment.
 

 That immediately, on the same day, as shown by the endorsement on the indictment, a certified copy of which is annexed to and made part .of relator’s application, she was called before the court and she was sentenced to serve the rest of her natural life in the State Penitentiary.
 

 That on February 18, 1937, seven days thereafter, she was brought to the Angola State Penitentiary, where she is presently
 
 *817
 
 incarcerated, to serve her sentence of life imprisonment, as appears by the annexed certified copy of the receipt signed by L. A. Jones, Warden, Angola Receiving Station.
 

 That relator annexes hereto and makes part of her application a complete transcript of all the proceedings had, documents and evidence adduced upon the trial of the case wherein she was charged and sentenced, which consists of five documents: (1) The indictment brought against her; (2) the extract of the minutes of the court; (3) the receipt of L. A. Jones, Warden of State Penitentiary; (4) the commitment of the Warden of the State Penitentiary; (5) the names of the witnesses who testified before the grand jury; as certified to by Allen L. Lobrano, Clerk of the Twenty-fifth Judicial District Court for the Parish of Plaquemines, on the 4th day of October, 1939.
 

 That under the Constitution of the State of Louisiana (Art. VII, Par. 42 of 1921), the district judges throughout the State are prohibited from accepting guilty pleas in capital cases, and Article 262 of the Code of Criminal Procedure provides: “No Court has authority to receive an unqualified plea of guilty in any capital case, and if any defendant so plead, the court shall refuse to receive the plea and shall order the plea of not guilty entered for him.”
 

 That it was the duty of the Court to so order, as provided by the Constitution and law of this State, and it was further the duty of the Court to appoint counsel to advise the relator, who was a minor nineteen years of age, ignorant of the law, penniless and without friends, as to what her rights were in the premises.
 

 That the relator would never have pleaded guilty if she had not been intimidated and induced by fear so to do.
 

 That relator is entitled under the provisions of Article 262 of the Code of Criminal Procedure to a Writ of Habeas Corpus to be issued by this Honorable Court.
 

 In answer to the demand of relator for the issuance of a Writ of Habeas- Corpus herein, respondents, Hon. J. C. Meraux, Judge of the Twenty-fifth Judicial District Court for the Parish of Plaquemines, Hon. Leander H. Perez, District Attorney for that district, and L. A. Jones, Warden of the Louisiana State Penitentiary, have annexed to the answer the affidavit of relator and the affidavits of twelve witnesses present at the homicide.
 

 The respondents, District Judge, District Attorney, Assistant District Attorney, the Clerk of Court, the Sheriff of Plaquemines Parish, and a Deputy Sheriff have also annexed to the answer to the application of relator for a Writ of Habeas Corpus the following joint affidavit:
 

 “That they were personally present in the above court at Pointe a la Hache, Plaque-mines Parish, Louisiana, on February 11, 1937, when Leona Turner was called for arraignment on an indictment for the murder of Mark E. (Snookums) Brooks returned by the Plaquemines Parish Grand Jury on the same date.
 

 “That the District Attorney and Asst. District Attorney conferred with the accused, Leona Turner, and explained to her the
 
 *819
 
 nature of the indictment returned against her and the penalties provided by law for murder in the event of an unqualified verdict of ‘guilty’ which would carry death by hanging, and the penalty, under the law, of a qualified verdict of ‘guilty without capital punishment,’ which would carry the penalty of serving the balance of her natural life in the State Penitentiary at hard labor, and the verdict of ‘not guilty,’ which would free her from the charge made in the indictment;
 

 “The accused, Leona Turner, was also advised by the District Attorney that she was entitled to be represented by a lawyer and that if she could not afford to employ a lawyer, the court would appoint a lawyer to represent her without cost; that Leona Turner said that she would prefer to enter a plea of ‘guilty without capital punishment,’ than stand the chance of going to trial, which might result in her being found guilty which would carry the death sentence, and that she had made her statement in writing and knew that other witnesses had made their statements in writing;
 

 “That they personally saw and heard the accused when she was arraigned under the indictment for murder, when she entered a plea of ‘guilty without capital punishment,’ which was accepted by the District Attorney for the State and ordered entered by Judge Meraux and made the judgment of the court, after which Judge Meraux asked her if she had anything further to say and, thereupon, sentenced her to serve the balance of her natural life at hard labor in .the State Penitentiary.
 

 “Deponent, Allen L. Lobrano, Clerk of Court, states, under oath, that it was not until after Mr. Livaudais, attorney for the relator, Leona Turner, had applied to him for certified copies, had he realized that he made the clerical error of entering Leona Turner’s plea as ‘guilty’ instead of the plea which she actually entered when arraigned as ‘guilty without capital punishment.’ ”'
 

 Assuming the affidavits to be true, the fact remains that they are ex parte affidavits, and that the minutes of the lower court cannot be corrected in this manner.
 

 It is well settled that a trial judge, in a proceeding, not ex parte,' but taken contradictorily with a defendant, may so correct the minutes as to present the true facts for the consideration of this court.
 

 It is therefore ordered that this case be remanded to the lower court, with instructions to, the district attorney, in a proceeding by rule upon relator and her counsel, to have the minutes of the lower court corrected to conform to the true facts of the case, and due return make to this court of the proceeding had and of the evidence thereupon adduced.